**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LARRY BURTON,** | : | **CIVIL ACTION NO. 1:22-CV-1625** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN WETZEL,** ***et al.*****,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Larry Burton, alleges that defendants violated his rights under the First, Eighth, Fifth, and Fourteenth Amendments and committed various state torts by compelling him to receive a COVID-19 vaccine. Defendants have moved to dismiss through two separate motions. The motions will be granted.

## I. Factual Background & Procedural History

This case was filed on September 21, 2022 in the Schuylkill County Court of Common Pleas and was removed to this district on October 17, 2022. (Doc. 1). According to the complaint, Burton was a prisoner in Mahanoy State Correctional Institution ("SCI-Mahanoy") on March 12, 2020, when defendant John Wetzel, the secretary of the Pennsylvania Department of Corrections, issued a statewide lockdown of all state prisons due to the COVID-19 pandemic. (Doc. 1-1 at 5). Defendants Wetzel and Mason, the superintendent of SCI-Mahanoy, subsequently informed all prisoners in SCI-Mahanoy on August 5, 2021 that if they did not consent to the prison administering the Johnson & Johnson COVID-19 vaccine that

they would be subjected to various restrictions on their confinement, including loss of visitation, phone, yard, law library, and exercise privileges. (Id. at 5-6). SCI-Mahanoy staff also informed Burton that he would be transferred to the prison's FB-Unit if he did not consent to be vaccinated. (Id. at 6).

The complaint alleges that Burton did not wish to receive the Johnson & Johnson vaccine because of the "many side effects" he believed the vaccine would cause. (Id.) Burton allegedly informed defendant Bora Saikia[1] that although he did not wish to receive the Johnson & Johnson vaccine, he would consent to receive vaccines manufactured by Pfizer or Moderna. (Id.)

Prison staff allegedly asked Burton to sign a consent form for the Johnson & Johnson vaccine on August 5, 2021. (Id.) Burton stated that he did not wish to sign a consent form to be vaccinated unless he was receiving a vaccine manufactured by Pfizer or Moderna. (Id. at 7). Nevertheless, because Burton was "so scared" of the prison staff members, he signed the form "under duress." (Id.) Defendant Bora Saikia allegedly directed a Jane Doe defendant to administer the vaccine after he signed the consent form, and the Jane Doe defendant did so. (Id.) The complaint alleges that Burton experienced back pain, arm pain, headaches, sore legs, severe stomach pain, and severe diarrhea for months after receiving the vaccine. (Id.)

The complaint names Wetzel, Mason, and Bora Saikia as defendants along with several other DOC and SCI-Mahanoy officials. (Id. at 4-5). The complaint asserts claims for negligence; "willful and wanton misconduct"; violation of the

[1] This defendant is identified in the complaint as defendant Bora.

First, Fifth, Eighth, and Fourteenth Amendments; failure to protect; failure to intervene; and civil conspiracy. (Id. at 10-13). Burton seeks damages and declaratory relief. (Id. at 14).

Defendants Wetzel, Mason, Stetler, White, Little, Dunkle, and Malick moved to dismiss on October 31, 2022. (Doc. 6). Bora Saikia filed a separate motion to dismiss on November 10, 2022. (Doc. 9). After receiving numerous extensions of time, Burton timely opposed the motions on August 29, 2023. (Doc. 20).

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.[2]

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

---

[2] Relying on Conley v. Gibson, 355 U.S. 41 (1957), Burton asserts that his complaint should not be dismissed unless there is "no set of facts" that could establish his claims. (Doc. 20 at 5). Burton's reliance on Conley is misplaced. The Supreme Court abrogated Conley's "no set of facts" standard in Twombly. See 550 U.S. at 561-63.

## III. Discussion

Burton brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Burton's claims arise from defendants allegedly compelling him to receive the Johnson & Johnson COVID-19 vaccine. Another court in this district recently held on facts that were essentially identical to the instant case that compelling inmates to either receive the Johnson & Johnson vaccine or be transferred to a housing unit reserved for unvaccinated inmates and lose several privileges did not violate the plaintiff's constitutional rights. See Fennell v. Wetzel, No. 4:22-CV-880, 2023 WL 1997116, at *5 (M.D. Pa. Feb. 14, 2023) (Brann, C.J.). We agree with Fennell's *ratio decidendi* and find that defendants' alleged actions, even if proven, would not constitute a violation of Burton's constitutional rights. Defendants' actions of giving Burton a choice "whether to be vaccinated with the J&J vaccine or be moved to a unit with other unvaccinated and infected prisoners and losing certain privileges" cannot be construed as forcing Burton to be vaccinated against

his will. Id. Burton could have simply accepted the housing unit transfer and the loss of privileges and he would not have received the vaccine.

The choice offered to Burton also cannot be considered conscience-shocking behavior that would give rise to a Fourteenth Amendment due process claim or an Eighth Amendment conditions of confinement claim. "Defendants' purported action of attempting to vaccinate prisoners against the COVID-19 virus and separating vaccinated and unvaccinated inmates in no way represents 'conscience-shocking' conduct. It is, in fact, an eminently reasonable course of action to protect against the spread of the virus." Id.

Burton's tort claims likewise fail as a matter of law because defendants are entitled to sovereign immunity. Pennsylvania law provides that commonwealth employees acting within the scope of their employment are entitled to sovereign immunity from most state law claims. See Pa.C.S. § 2310. With ten limited exceptions, see 42 Pa.C.S. § 8522, commonwealth employees retain their sovereign immunity with respect to both intentional tort and negligence claims. See Mitchell v. Luckenbill, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010) (citing Holt v. Nw. Pa. Training P'Ship Consortium, Inc., 694 A.2d 1134, 1139 (Pa. Commw. Ct. 1997)). None of the ten exceptions to sovereign immunity apply in the instant case.[3] Hence, Burton's tort claims will be dismissed based on sovereign immunity.

---

[3] Although Section 8522 waives sovereign immunity for claims arising from the "administration, manufacture and use of a toxoid or vaccine not manufactured in this Commonwealth," such claims may only be asserted under the following circumstances:

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We will deny leave to amend as futile. No factual amendment of Burton's constitutional claims would be sufficient to state a claim upon which relief may be granted because the choice offered to Burton to accept the Johnson & Johnson vaccine or be transferred to another housing block and lose certain privileges simply does not amount to a constitutional violation. Amendment is similarly futile with respect to

---

(i) The toxoid or vaccine is manufactured in, and available only from, an agency of another state.

(ii) The agency of the other state will not make the toxoid or vaccine available to private persons or corporations, but will only permit its sale to another state or state agency.

(iii) The agency of the other state will make the toxoid or vaccine available to the Commonwealth only if the Commonwealth agrees to indemnify, defend and save harmless that agency from any and all claims and losses which may arise against it from the administration, manufacture or use of the toxoid or vaccine.

(iv) A determination has been made by the appropriate Commonwealth agency, approved by the Governor and published in the Pennsylvania Bulletin, that the toxoid or vaccine is necessary to safeguard and protect the health of the citizens or animals of this Commonwealth.

(v) The toxoid or vaccine is distributed by a Commonwealth agency to qualified persons for ultimate use.

42 Pa.C.S. § 8522(b)(9). The vaccine administered to Burton was manufactured by a private company—Johnson & Johnson—and sovereign immunity therefore is not waived. See id. § 8522(b)(9)(i) (noting that sovereign immunity is only waived if the vaccine was manufactured "by an agency of another state").

Burton's tort claims because defendants are entitled to sovereign immunity as to those claims.

## IV. Conclusion

We will grant defendants' motions to dismiss and dismiss Burton's complaint without further leave to amend. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: September 7, 2023